Case No.  2:20-cv-02490 MWF-AFMx  Date: March 19, 2020

Title  <u>Essex Portfolio, LP v. Danny Taylor, Does 1 to 10 Inclusive</u>

Present: The Honorable  <u>Michael W. Fitzgerald, U.S District Judge</u>

| <u>Rita Sanchez</u> | <u>N/A</u> |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:  Attorneys Present for Defendant:
N/A                                N/A

**Proceedings: (In Chambers)**   **ORDER REMANDING MATTER TO STATE COURT**

On December 16, 2019, Essex Portfolio, LP ("Plaintiff") instituted an unlawful detainer proceeding against Danny Taylor and Does 1 to 10 ("Defendant") in state court. Defendant has allegedly continued in unlawful possession of the property located at 1360 S. Figueroa St., Apt. 410, Los Angeles, CA 90015 (the "Property"). Defendant allegedly entered into a month-to-month tenancy of the Property on January 3, 2019, with current rent at $2,124.00 per month. At the time of the 3-day notice to quit, the rent due by Defendant was allegedly $2,124.00. Plaintiff filed its unlawful detainer complaint in state court after Defendants failed to comply with the notice to quit. Defendant filed a Demurrer on January 15, 2019. Defendant removed the action to this Court on March 16, 2020. Plaintiff estimates the fair rental value of the property as $70.80 per day. Defendant asserts several purported bases for federal question jurisdiction in this Court: "The complaint presents federal questions. . . ." (Notice of Removal, ¶ 5.) "Federal question exists because Defendant's Answer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law." (*Id.*, ¶ 8.) Defendant also refers to his Demurrer based on Plaintiff's alleged failure to comply with The Protecting Tenants at Foreclosure Act [12 U.S.C. § 5220]. (*Id.*, ¶ 7.) Diversity jurisdiction is not alleged.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of

subject matter jurisdiction.") (omitting internal citations).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  A "strong presumption" against removal jurisdiction exists.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Subject matter jurisdiction exists over civil actions "arising under" federal law.  28 U.S.C. § 1331.  A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff's Complaint here contains a single cause of action for unlawful detainer, a state law claim.  There is no federal question jurisdiction even if Defendant has alleged an actual or anticipated federal defense to the claim or a counterclaim arising under federal law.  *See Caterpillar, Inc.*, 482 U.S. at 392-93; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).  This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's complaint.

Defendant's assertion of the "Protecting Tenants at Foreclosure Act of 2009" does not create federal question jurisdiction.  First, that statute expired at the end of 2014.  *See* P.L. 111-22, section 704, as extended by section 1484 of P.L. 111-203.  ("This title, and any amendments made by this title are repealed, and the requirements under this title shall terminate, on December 31, 2014.")  Second, even if that statute gave rise to a defense against Plaintiff's foreclosure action, this does not provide the Court with a basis to assert federal question jurisdiction under the well-pleaded complaint rule.  *See, e.g., Federal Nat. Mortg. Ass'n v. Kennedy*, 2012 WL 1378671, *1 (C.D. Cal. Apr. 20, 2012) (finding no federal question jurisdiction over a state law unlawful detainer action where the notice of removal raised the Protecting Tenants at Foreclosure Act of 2009); *Federal Nat. Mortg. Ass'n v. Brooks*, 2012 WL 773073, at *4 (C.D. Cal. Mar. 7, 2012) (same); *Westcom Credit Union, v. Dudley*, 2010 WL 4916578, at *2-3 (C.D. Cal. Nov. 22, 2010) (same).  The PTFA does not create a private right of action; rather, it provides a defense to state law unlawful detainer actions.  *See Logan v. U.S. Bank Nat. Ass'n,* 722 F.3d 1163, 1164 (9th Cir. 2013) (affirming dismissal of the complaint because the PTFA "does not create a private right of action allowing [plaintiff] to enforce its requirements").  Accordingly, Defendant has failed to meet his burden of showing that federal question jurisdiction exists.

The notice of removal has not alleged diversity jurisdiction, and it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332.  The amount demanded on the face of the Complaint is alleged not to exceed $10,000 − well below the statutory threshold of $75,000.  The Complaint specifically asserts a claim for ongoing damages at a rate of $70.80 per day.  Defendant has made no plausible allegations showing how those damages would exceed $75,000.

     Accordingly, because this Court lacks subject matter jurisdiction, the Court REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this Order on all parties who have appeared in this action.

     **IT IS SO ORDERED.**